UNDERWRITER PRINTING & PUBLISHING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5753. Promulgated January 12, 1928.

*Fred S. Knight, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

OPINION.

MORRIS: While all of the facts and circumstances surrounding the issuance of the stock in question by the petitioner tend to establish that the publications alleged to have been turned over to the petitioner for that stock were developed by Mack in his capacity as president of the petitioner and were at all times its property, we are not compelled to consider that question in view of the state of the evidence.

Section 326 of the Revenue Act of 1921 provides in part as follows:

(a) That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor,

* * * * * * *

(5) Intangible property bona fide paid in for stock or shares on or after March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year, whichever is lowest: * * *

The $7,300 of capital stock not having been paid for in cash it was, under section 326 above, incumbent upon the petitioner to prove "the actual cash value" of those periodicals alleged to have been turned over to the company in consideration for the stock issued to Mack, and no evidence having been adduced as to that value the finding of the respondent is sustained.

*Judgment will be entered for the respondent.*